will move on to the next case. Leanne B. Barr. Mr. Tarzio? Yes. Good morning, Your Honor. May it please the court, Richard Tarzio on behalf of the petitioner, Lange. I'd first like to point out to the court the immigration judge's decision, where she says that she's considered the totality of the circumstances, including the respondent's demeanor while testifying, the responsiveness to the questions that are asked, the inherent plausibility of his claim, and the consistency of his statements and documentary evidence. The real problem here is she didn't do any of that. There was no analysis of the entire record. The judge only focused on a third party, which she did in her decision. Actually, the petitioner's testimony was consistent with the record. It was consistent with a prior statement that he had made when he was detained by our government. The credible fear interview he gave was exactly the same testimony he gave in court, but the judge makes no mention of any of that. She only focuses on an omission made by a third party and finds the petitioner not credible. Now, this court has said in the Gao case that third party omissions are less probative of credibility than the own applicant's failure to explain his own omissions. Again, the judge never mentions any of that, never mentions the correct standard under which she is to evaluate omissions. Now, looking at the BIA decision, the BIA basically did the same thing. They reviewed the immigration judge's decision and basically said there's no clear error. They made no analysis whatsoever of what the judge was saying, made no analysis of the evidence in the record other than briefly talking about the omission. Now, that's contrary to the law. The law says you have to look at the entire record. You can't just gloss over the good stuff and find somebody not credible based upon one bad mention in the record. Also, the BIA and IJ failed to apply the correct standards under which, or really the BIA, under reviewing this, the IJ's decision. They should have done a de novo review of the record instead of a clearly erroneous. It's clear that not all these omissions and inconsistencies will deserve the same weight. The petitioner's failure to explain the third party omission of letters from the friend and the father have probative weight. It's important to note that the petitioner was asked to explain why someone didn't mention something. He says, basically, I don't know. We can't expect the petitioner to know what someone else is thinking, especially since it was just in the letter. He doesn't know. The whole decision was just based upon what someone else did, not what the petitioner did. Well, isn't one of the problems that the issue of the blacklist and Mr. Liang's knowledge that he was on the blacklist is not something that was disclosed until cross examination. Then that is compounded by the fact that third parties, who were also in a position to know that, never said anything about it in their submissions. Well, we often see in court that people explain more than what's in the written statement. No one asked him on direct about whether he was wanted, was on the blacklist. He volunteered the information. Wasn't this a particularly important omission? As I understand his testimony, he's saying, this is my explanation for why I have a well-founded fear of persecution throughout China, because I am on this list and it's tied in with an identification card. I know this because the police told my father or the local authorities told my father. A father confronted with information like that, it's important for the ability, any thought that your child can remain in his country of birth. This is not an unimportant omission, is it? I wouldn't say it's not important, but it can't be the sole basis of a credibility finding, especially if you don't look at everything else in the record. What about his demeanor? What about the responsiveness to the questions, the plausibility of his claim, the consistency of what's in the record, including a statement he gave with no lawyer present to our government when he was detained, when he crossed over the border. There's no analysis of any of that. We just look at one omission and say, well, you're not credible. I don't think that's the law. If the court doesn't have any further questions, I will reserve the rest of my time for rebuttal. All right. We'll hear from the appellee. May it please the court. My name is Nancy Safavi and I represent the So first, the petitioner here had a proceeding before the immigration judge and before the Board of Immigration Appeals, and he was found not credible. You'll note that he did testify for the first time about being on a government blacklist, and that is a clear omission. Now, what's getting confusing here is that the petitioner is saying that the board clearly misapplied its standard of review. And if you look at the petitioner's brief, first of all, he cites the standard of review for this court as being the substantial evidence standard. But then the argument portion of his brief, he continues to cite that the board misapplied its clear error standard. Now, in the government's brief, we say that it is substantial evidence that supports the agency's determination in this case. That being said, what the standard of review for this particular case is, given what petitioner is arguing, is what is referred to in the court's precedent in Wu v. Lynn. So here, there's two types of standards of review. One where it's a question of fact, which it would be the substantial evidence standard of review, or one where it's a question of law, which it would be a de novo review. However, this court has held that that particular de novo review of an agency's decision is not to determine whether or not the immigration judge de novo clearly erred in issuing its decision. It's whether or not the board was sufficiently justified in determining its adverse credibility determination. And in looking to that, the court only needs to look to whether or not the board reasonably analyzed the factual issues in dispute, whether or not it reasonably addressed the immigration judge's findings, and whether or not it reasonably addressed the petitioner's claims. So here, while petitioner argues that his claims were not addressed, they absolutely were addressed in the board's decision. So you'll note it goes through listing those omissions. It then says what the record citations was, and then it then cites to Second Circuit Court precedent that merely because the petitioner has a different view of the evidence doesn't necessarily make him credible. And that's um, you know, in addition to that, he hasn't shown that despite his non credible testimony, there's any evidence that corroborates his claim. So in order to establish asylum, he needs to show that he suffered from past persecution. And he can't do that with any independent, collaborating evidence. And he doesn't address that issue in his opening brief. So it's waived. In the alternative, even assuming if petitioner was credible, he still doesn't have a basis for asylum relief. First of all, well, as I understand, as I understand the thrust of the petitioner's argument here, it's that the BIA made an error of law in considering this court's precedent, because they, it focuses, the agency focuses analysis solely on an omission. And we, we do not find omissions to be particularly persuasive on the issue of credibility. Why isn't he right about that? Well, Your Honor, if you look at a case that he's discussing with this court today, he's discussing Gao. And in that particular case, if you look at that omission, it's, it's distinguishable from this case, because in that case, it was determined that that omission went to like the severity of medical treatment. And so in that case, that petitioner could at least at the very little established that there was an issue of medical treatment. But here, this petitioner, he can't even establish that he was on a government blacklist. And his, his testimony that he was on a government blacklist is secondhand information from his father does not state that in his letter. So this is different than an omission of a, of a petitioner not stating something for the, for the first time when detained by the government or in their asylum application. Did we, did we say, did we say in Gao that omissions are categorically less probative than, than contradictions on credibility? No, you did not, Your Honor. Not based on my reading of the case, no. So, so what, so based on your reading of the case, what did we say about omissions? You said that omissions could be relied upon, but they wouldn't be given as much weight as a clear inconsistency. But in the Gao case, those particular omissions, they were less probative, because they had already, that petitioner had already established certain things within the record. This petitioner hasn't established at the very foundation level that those things are in the record. He can't establish he was on a government blacklist, and he can't establish that the police visited his father's home for a second time. So, is there no other questions? And if you finish your arguments, you could rely on your brief. Oh, okay. I would just like to add one more thing, which is that even assuming credibility, the evidence in the record does not support a well-founded fear of future persecution. And with regard to petitioner's first claim that he made before the immigration judge, that he would be persecuted on account of practicing Christianity in the United States, that was being speculative. And he didn't raise that issue before the board, and therefore he didn't exhaust administrative remedies on that issue. So, the court would not be able to review that. And with regards to the second issue of whether or not there's a pattern or process of similarly situated individuals being persecuted in China for their practice of Christianity, he also does not address pattern or process case files in his brief or that particular issue. And that issue is also raised. And if there are no further questions, I do waive the remainder of my time. Thank you. We'll hear rebuttal. Thank you, Your Honor. Just briefly, I just wanted to say something about what the counsel just said that I don't agree with, that credibility, testimony alone, credible testimony alone is sufficient to prove asylum. You don't need to corroborate your case with outside documentation. If the petitioner is held to be credible, it can be sufficient. And past persecution can also be sufficient to well-founded fear of future persecution if you can establish past persecution. Also, I don't agree with counsel that omissions are that fatal to claim as long as the judge or the BIA had analyzed the entire record and then made a conclusion that the omission was such that it's insufficient for a positive credibility finding, that would have been okay. But to not look at the entire record is an error of law. The law says the totality of the circumstances. There has to be an analysis of that in order for the judge's decision to be upheld. Thank you, Mr. Tarzia. We will take the matter under advisement. Thank you both for your time. Thank you.